# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

**SILVER STREET PARTNERS LLC,**

      **Plaintiff,**

v.

**AUTO-OWNERS MUTUAL INSURANCE COMPANY,**

      **Defendant.**

Civil Action No._____
**JURY DEMAND**

## COMPLAINT

COMES NOW the Plaintiff, Silver Street Partners LLC, and for its Complaint against Auto-Owners Mutual Insurance Company would state and show as follows:

### PARTIES AND JURISDICTION

1. Silver Street Partners LLC ("Silver Street" or "Plaintiff") is a Tennessee limited liability company with its principal place of business located in Rutherford County, Tennessee. At all times relevant hereto, Silver Street was the owner of the commercial structure located at 44 Interstate Drive, Manchester, Coffee County, Tennessee 37355 (the "Insured Premises").

2. Defendant, Auto-Owners Mutual Insurance Company ("AO"), is an insurance company organized under the laws of the State of Michigan and engaged in the business of insurance in the State of Tennessee, including Coffee County. AO's principal place of business is located in the State of Michigan.

3. This Complaint originates as the result of a storm event that caused substantial insured losses to the structure located at the Insured Premises, and AO's failure and refusal to promptly and fully pay Silver Street's insurance claim.

4. Jurisdiction is proper in this Court because the amount in controversy exceeds $75,000, and the parties have diversity of citizenship pursuant to 28 U.S.C. § 1332. Venue is proper in this Court because the Insured Premises giving rise to this controversy is located in this judicial district.

## FACTS

### The Policy

5. At all times relevant hereto, Silver Street was the insured pursuant to an insurance contract whereby AO agreed to insure the commercial structure located at the Insured Premises against property damage, bearing Policy No. 224619-03524011-22 (the "Policy"). As is relevant to the claim, the Policy's term was July 21, 2022 through July 21, 2023.

6. The Policy is attached hereto as *Exhibit 1* and is incorporated herein by reference as if set forth verbatim.

7. The Policy provides insurance coverage for direct physical loss of or damage to the building located on the Insured Premises and other insurance coverage as specifically set forth in the Policy.

8. The Policy was an "all-risks" policy, meaning that the Policy covered all risks of direct physical loss of or damage to the covered property except for those specifically excluded or limited by the Policy.

9. Pursuant to the Policy, Silver Street paid an annual premium to Defendant in exchange for insurance coverage. Silver Street paid the required premiums, at all times relevant to this Complaint.

### The Loss & Claim Investigation

10. On or about October 12, 2022, a windstorm struck the building at the Insured Premises, resulting in substantial direct, physical loss to the building, including but not limited to, roof and structural damage, as well as damage to other exterior and interior components (the "Loss").

11. The Loss occurred during the term of the Policy.

12. Silver Street promptly reported the Loss to Defendant.

13. Pursuant to the terms of the Policy, AO has acknowledged and accepted coverage for the Loss, and there are no applicable exclusions. However, a dispute arose between the parties concerning the amount of the loss.

### The Pending Appraisal

14. After Plaintiff reported the Loss, AO accepted coverage and made partial payments to Plaintiff. However, AO's payments, to date, are insufficient to fully indemnify Plaintiff for the Loss.

15. Defendant agreed that the Insured Premises was damaged by wind, but a dispute arose between Plaintiff and AO as to the amount of the loss associated with the storm damage. AO has estimated the amount of loss at $107,192.81 (replacement cost value) / $62,433.31 (actual cash value); in contrast, Plaintiff believes and asserts the amount of loss to be much higher.

3

Case 4:24-cv-00071-TRM-MJD   Document 1   Filed 10/09/24   Page 3 of 11   PageID #: 3

16. In support of its claim, Plaintiff provided Defendant with an engineering report authored by professional engineer Robert M. Thompson of Wallace & Todd Consulting, and the estimate and scope notes of a building consultant, Justin Willits of Mavin Consulting, LLC.

17. Due to the dispute as to the amount of the loss, and as permitted by the terms of the Policy, Plaintiff demanded an appraisal of the loss.

18. Thereafter, AO agreed that appraisal was appropriate, and the parties proceeded with an appraisal of the loss as set forth within the Policy.

19. With respect to appraisal of structural property damage, the Policy provides as follows:

> **2. Appraisal**
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

(See Policy, Exhibit 1, at PDF p. 70).

20. "Appraisal" is an alternative dispute resolution protocol that mandates the appointment of a three-person appraisal panel (two "party appraisers" and an "umpire") that is tasked with the responsibility of determining the amount of a loss. Here, Silver Street selected Noble McCulley as its appraiser, and AO selected Craig Betts as its appraiser. The two appraisers jointly selected Adam Milfort to serve as the appraisal umpire.

21. Appraisal provisions in insurance policies are enforceable according to their terms and for the purpose of determining the amount of loss. Amount of loss disputes necessarily include disputes about scope and the means and methods of repair. Silver Street's claim involves no coverage issues but rather simply requires a determination of the amount of the loss. The only disputed issue is the amount of loss resulting from the subject storm. There is no reasonable coverage dispute as AO openly agrees that wind damage is covered by the terms of the Policy. Silver Street's claim is appropriate for the appraisal process as set forth in the Policy, and the appraisal is actively ongoing.

22. Because appraisal is ongoing and may ultimately resolve all disputes between the Parties, Silver Street requested that AO enter into a tolling agreement to toll any/all limitations periods and avoid potentially unnecessary litigation. As of the filing of this Complaint, AO has not responded to Silver Street's request for a tolling agreement.

23. As a result of the inability to enter into a tolling agreement and out of an abundance of caution, Plaintiff is forced to file this Complaint to preserve its rights under the Policy and Tennessee law.

<u>The Loss is Compensable under the Terms of the Policy</u>

24. The Policy was in full force and effect at the time of Loss.

25. The Loss is a compensable claim under the terms of the Policy. As it relates to the Loss, there are no applicable exclusions.

26. Plaintiff fulfilled all duties imposed upon it by the Policy.

27. AO has failed to fully compensate Plaintiff for the amounts owed under the Policy as a result of the Loss, as it has grossly underpaid Plaintiff's claim.

28. Despite the fact that Plaintiff has fulfilled all duties imposed upon it by AO and is at no fault in this matter, AO has refused to timely and fully pay Plaintiff's full claim for insurance proceeds.

29. AO's refusal to timely pay Plaintiff the amounts owed to it pursuant to the Policy is without justification. AO's alleged reasons for not fully paying Plaintiff's claim are wrongful and done with the intent to injure and harm Plaintiff.

30. As a direct and proximate cause of AO's actions/inactions, Plaintiff has sustained substantial compensable losses, including all amounts due Plaintiff under the Policy, consequential damages as a result of AO's breach of contract, and other such costs and expenses incurred as a result of AO's conduct.

## CAUSES OF ACTION

### Count I - Breach of Contract

31. The allegations contained in preceding paragraphs of this Complaint are incorporated herein by reference as if set forth verbatim.

32. The Policy issued by AO is a binding contract and is supported by valid consideration.

33. AO is in total, material breach of the Policy and is liable to Plaintiff in the maximum amount allowed by the Policy for the Loss. Specifically, AO's breach of contract includes, without limitation, AO's failure and refusal to pay the amounts owed to Plaintiff for the damage to the Insured Premises.

34. As a result of AO's breach of contract, Plaintiff has sustained substantial, compensable losses for the amounts claimed under the Policy, including but not limited to, the replacement cost of the damage to the Insured Premises plus consequential damages.

35. AO is liable to Plaintiff for its losses.

36. AO's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange*, 436 S.W.3d 256, 276 (Tenn. Ct. App. 2013). Specifically, AO intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Silver Street's full claim when liability was reasonably clear; (2) refused and failed to conduct a reasonable, prompt, and fair investigation concerning the issues surrounding Silver Street's claim for insurance proceeds; (3) unjustly refused and/or failed to pay Silver Street's full claim for its own financial preservation with no reasonable or justifiable basis; (4) failed to treat Silver Street's interests with equal regard to its own; (5) failed and refused to pay Silver Street's full, valid claim; (6) unnecessarily delayed payment of Silver Street's insured losses; (7) misrepresented relevant facts and policy provisions to Silver Street; (8) intentionally failed to acknowledge with reasonable promptness pertinent communications from Silver Street; (9) intentionally failed to adopt and implement reasonable standards for the prompt investigation and settlement of claims; (10) forced Silver Street to file this Complaint in order to enforce its rights under the Policy; (11) offered Silver Street substantially less than the amounts due to Silver Street; (12) failed to affirm or deny coverage within a reasonable time; (13) attempted to settle Silver Street's claim for less than the amount that a reasonable person would believe Silver Street was entitled; (14) ignored valid portions of Silver Street's claim for no good reason and with no explanation; (15) refused and failed to obtain all reasonably available information before alleging it had no further obligations to Silver Street; (16) unreasonably delayed the handling and payment of the claim; (17) failed to fully and promptly pay all amounts due and owing under the Policy with no reasonable or justifiable basis; (18) offered Silver Street substantially less than the amount actually owed in an

effort to deprive it of its rights under the Policy; (19) utilized biased "experts" in an effort to deprive Silver Street of the insurance proceeds to which it was entitled; (20) engaged in conduct designed to decrease and minimize the amount to be paid to Silver Street; (21) concealed important and material facts from Silver Street in an effort to minimize the amount AO would have to pay on the claim; and (22) such other facts and circumstances as alleged in this lawsuit and/or to be determined during discovery and which will be shown at trial.

37. AO knew, or reasonably should have known, that Silver Street was justifiably relying on the money and benefits due it under the terms of the Policy. Nevertheless, acting with conscious disregard for Silver Street's rights and with the intention of causing, or willfully disregarding the probability of causing, unjust and cruel hardship on Silver Street, AO withheld monies and benefits rightfully due Silver Street. Silver Street seeks, and is entitled to, punitive damages.

**Count II – Statutory Bad Faith**

38. The allegations contained in preceding paragraphs of this Complaint are incorporated by reference as if set forth verbatim herein.

39. AO's refusal and failure to pay the amounts contractually owed to Silver Street is arbitrary, capricious, and constitutes bad faith under Tenn. Code Ann. § 56-7-105 in that more than sixty (60) days have passed since a formal demand[1] has been made on AO and full payment has not been made for the Loss, as required pursuant to the Policy and for which the twenty-five percent (25%) statutory penalty for bad faith should be invoked.

40. The bad faith of AO is evidenced by the fact that, at all times material hereto, AO knew, or reasonably should have known, that Silver Street was justifiably relying on the money

---

[1] The formal demand for payment pursuant to Tenn. Code Ann. § 56-7-105 was made by letter to AO dated January 5, 2024.

and benefits due it under the terms of the Policy, and as otherwise promised and represented by AO, as well as the actions of AO as set forth above. Nevertheless, acting with conscious disregard for Silver Street's rights, and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Silver Street, AO consciously refused to fully pay Silver Street's valid, full claim, and withheld monies and benefits rightfully due to Silver Street.

41. AO's bad faith is evidenced by all of the facts and allegations set forth above in this Complaint, together with the following:

   a. AO's intentional failure to fully inform Silver Street of its rights and obligations under the Policy;

   b. AO's intentional failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Silver Street's full claim when liability was reasonably clear;

   c. AO's intentional refusal to pay Silver Street's full claim and to otherwise honor its obligations under the Policy without conducting a reasonable investigation based on all available information;

   d. AO's intentional refusal to fully investigate Silver Street's claim and to obtain all available information before alleging that it had no further obligations to Silver Street;

   e. AO's engaging in acts and practices towards Silver Street that amount to acts of baseness, vileness, and/or depravity that are contrary to the good-faith duties owed to Silver Street;

f. AO's failure to promptly provide Silver Street with a reasonable and accurate explanation for its refusal to pay its claim in full;

g. AO's intentional failure to properly adjust Silver Street's claim and to pay Silver Street fully for its losses;

h. AO's intentional failure to pay all amounts due and owing to Silver Street under the Policy with no reasonable or justifiable basis; and

i. AO's unjustified refusal to pay Silver Street's claim for its own financial preservation.

42. In so acting, AO intended to and did injure Silver Street in order to protect its own financial interests and should be punished via the twenty-five percent (25%) bad faith penalty authorized by statute.

WHEREFORE, for the foregoing reasons, Plaintiff would respectfully request that this Honorable Court award a judgment against AO as follows:

A. For compensatory damages in an amount to be determined;

B. For consequential damages as a result of AO's breach of the insurance contract;

C. For punitive damages in an amount to be determined;

D. For a statutory bad faith penalty of twenty-five percent (25%);

E. For all costs incurred by Plaintiff as a result of this action;

F. For pre- and post-judgment interest; and

G. For such other further and general relief as this Court deems just and equitable.

## **JURY DEMAND**

Plaintiff demands a jury of its peers.

Respectfully submitted,

McWHERTER SCOTT & BOBBITT, PLC

*s/ J. Brandon McWherter*
J. BRANDON McWHERTER #21600
brandon@msb.law
JONATHAN L. BOBBITT #23515
jonathan@msb.law
EMILY S. ALCORN #033281
emily@msb.law
109 Westpark Drive, Suite 260
Brentwood, TN 37207
T: (615) 354-1144
F: (731) 664-1540

*Attorneys for Plaintiff*